IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MACLEOD, | No. 2:21-CV-02230-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| M. SAETURN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff fails to argue that appointment of counsel is warranted because he is unable to articulate his claims on his own due to the complexity of the legal issues in dispute or that there is a likelihood of success on the merits.  See ECF No. 2, pg. 1.  Instead, Plaintiff simply asks if there is "any way [he] could get some kind of legal council [sic]" because he is inexperienced with the "law and this process" without any factual support regarding extraordinary need.  Id. Thus, Plaintiff has failed to satisfy the standard set forth in Terrell.

Plaintiff's stated lack of knowledge is common to almost all prisoners and, as such, not extraordinary.  A review of the filings to date indicates that Plaintiff can articulate his claims on his own, which are neither factually nor legally complex, inasmuch as he independently prepared and filed a civil rights complaint, a motion for injunctive relief, motion to proceed in forma pauperis, and filed objections to the Court's findings and recommendations.  Further, at this stage of the proceedings, it cannot be said that Plaintiff has established a particular likelihood of success on the merits, as Plaintiff's complaint has not yet been screened, as required under 28 U.S.C. § 1915A(a).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 2, is denied.

Dated:  December 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE