IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MacLEOD,<br><br>    Plaintiff,<br><br>    v.<br><br>M. SAETURN, et al.,<br><br>    Defendants. | No. 2:21-CV-2230-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motions, ECF Nos. 1 and 2, for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

1  interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Court cannot,
2  however, issue an order against individuals who are not parties to the action.  See Zenith Radio
3  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Moreover, if an inmate is seeking
4  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
5  prison renders the request for injunctive relief moot, unless there is some evidence of an
6  expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
7  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

8           In his first filing, Plaintiff seeks an order directing Defendants to show cause why
9  a preliminary injunction should not issue barring Defendants and other prison officials from using
10 excessive force against Plaintiff and housing him near the named defendants.  See ECF No. 1.  In
11 his second filing, Plaintiff seeks a restraining order against the named defendants, whom Plaintiff
12 alleges attacked him.  See ECF No. 2.  Plaintiff fears for his well-being should he "come under
13 their [Defendants'] authority again. . . ."  Id. at 4.

14           The Court finds that injunctive relief is not warranted at this time.  First, Plaintiff
15 has not demonstrated that he is likely to succeed on the merits of his underlying excessive force
16 claims against Defendants.  To the point, Plaintiff's motions do not discuss the merits of the case.
17 Second, Plaintiff has not alleged, let alone demonstrated, the likelihood of irreparable harm.  At
18 best, Plaintiff complains about the possibility of harm in the future, not the likelihood of present
19 harm.

20           Based on the foregoing, the undersigned recommends that Plaintiff's motions for
21 injunctive relief, ECF Nos. 1 and 2, be denied.

22           These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
24 after being served with these findings and recommendations, any party may file written objections
25 with the Court.  Responses to objections shall be filed within 14 days after service of objections.
26 / / /
27 / / /
28 / / /

1   Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v.</u>
2   <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  March 22, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE